In the Matter of FIVE BORO CONSTRUCTION CORP., Respondent, against ROBERT MOSES, as Commissioner of Parks of the City of New York, et al., Appellants.

First Department, December 15, 1959.

*Eugene J. Keefe* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for appellants.

*Anthony J. Siminerio* for respondent.

*Per Curiam.* In a proceeding brought pursuant to article 78 of the Civil Practice Act, the Commissioner of Parks has been directed to certify to the City Comptroller that petitioner has performed all of its obligations under a contract with the City of New York; and, upon the furnishing such certificate, the Comptroller and Treasurer of the City of New York have been ordered to pay to petitioner the sum of $28,986.41 representing the amount retained by the city officials after completion of work performed by the petitioner pursuant to the contract.

It appears that the Comptroller had refused to issue a warrant for the amount claimed, and had withheld that sum, because he was on notice that a co-contractor, employed on the same job as the petitioner, was asserting a claim for damages against the city caused by the delay of petitioner in performing its contract. The statement of intention to claim damages had been manifested in an application by the co-contractor for an extension of time to complete its work. That application had been returned by the city to the co-contractor for corrections and, technically speaking, was not pending at the time the article 78 proceeding was instituted.

Special Term held that petitioner was under no obligation with respect to the informal claim of the co-contractor and that there was no impediment to petitioner's absolute right to immediate payment. That ruling, however, ignores the specific provisions of article 23 of the contract between petitioner and the city. Article 23 provides that " If any claim shall be made by any * * * corporation * * * against the City * * * the amount of such claim * * * may be withheld by the Comptroller, as security against such claim ''. The statement contained in the application for an extension of time by the co-contractor was sufficient notice to the city of the existence of an outstanding or possible claim to permit it to invoke the provisions of article 23. The fact that the application was not on file with the city at the time of the commencement of this proceeding is not controlling.*

Nothing in article 23 demands that a claim must be formalized — as by serving a notice of intention to sue under the Adminis-

---

* On the argument of the appeal, the court was informed that an amended application of the co-contractor, with a reiteration of the claim, had been filed with the city subsequent to the institution of the article 78 proceeding.

trative Code (§ 394a–1.0) or a notice of claim under the General Municipal Law (§ 50-e) — before the city may withhold a payment. There was sufficient notice to the city of the proposed claim to justify withholding the funds under the provisions of the contract. Certainly the proof by the city that it had this notice was ample to defeat petitioner's application for summary relief.

We held in *Matter of Frazier-Davis Constr. Co.* v. *Gerosa* (6 A D 2d 112) that a proceeding under article 78 to compel the Comptroller to make payments could be maintained successfully only where there was a conclusive showing of lack of authority to support the action of the Comptroller. Where the propriety of the Comptroller's actions, rather than his power to act, is challenged, a claimant should be relegated to a plenary suit. Since article 23 of the contract invested the Comptroller with the right to withhold the amount of any claim made by a co-contractor, the most that can be said for petitioner's application is that it attacked the propriety of the determination. Under such circumstances, petitioner must be relegated to a plenary suit where the city can, pursuant to sections 193-a and 264 of the Civil Practice Act, obtain a complete determination of the opposing claims of all interested parties.

Reliance by petitioner upon *Matter of Knight* v. *Gerosa* (4 A D 2d 176) is misplaced. In *Knight* the city attempted to deduct claimed overpayments on one contract from amounts due on other orders. No such comparable incompatibility arose in the instant case by virtue of the city having originally asserted its rights to withhold payment under article 24 of the contract — dealing with guarantees for the faithful performance of the obligations of the contractor — and later pin-pointing its objections to article 23. Since both assertions stemmed from the same contract, the situation here must be differentiated from the multi-contractual aspects of *Knight* v. *Gerosa* (*supra*).

The order should therefore be reversed, on the law and the facts, with costs to appellants, and the petition dismissed.

Botein, P. J., Rabin, M. M. Frank, Valente and Stevens, JJ., concur.

Order unanimously reversed, on the law and on the facts, with $20 costs and disbursements to appellants, and the petition dismissed.