In the Matter of THOMAS CURRIE, JR., on Behalf of Himself and All Others Similarly Situated, Respondent, v. R. BURDELL BIXBY et al., Constituting the New York State Thruway Authority, Appellants.

Third Department, January 25, 1973.

*Theodore H. Kline (Norbert L. Noel* of counsel), for appellants.

*De Graff, Foy, Conway & Holt-Harris (Frederick C. Riester* of counsel), for respondent.

KANE, J. This is an appeal, by permission, from an order of the Supreme Court at Special Term, entered June 29, 1971 in Albany County, which in a proceeding brought pursuant to CPLR article 78, denied a motion by appellants to dismiss the petition.

Petitioner Currie is an employee of the New York State Thruway Authority and brings this proceeding individually and on behalf of others similarly situated, to set aside a determination of the Thruway Authority and for related injunctive relief.

On September 3, 1970 the Thruway Authority issued an executive instruction which redefined the official work area or location to include the division of the Thruway in which an employee was assigned, which had the effect of eliminating an existing noon-day meal allowance for certain employees on official business.

The petitioner is now required to travel more than 35 miles from his official work area in order to be eligible for the noon-day meal allowance, where as he formerly was eligible by traveling 35 miles from the single office of the Thruway or, where applicable, from the city or town where said office was located. Petitioner contends that the subject executive instruction is arbitrary, capricious and in excess of the authority granted to the Thruway Authority by the Codes, Rules and Regulations of the New York State Department of Audit and Control, and in violation of the provisions of the collective bargaining agreements between the Thruway Authority and the Civil Service Employees Association, Inc., the bargaining agent for certain negotiating units of the Thruway employees.

On the motion to dismiss the appellants argued, among other things, that this is a matter of management responsibility which must first be challenged administratively and specifically through the grievance procedure as set forth in the collective bargaining agreements, thereby correctly alluding to the rule that administrative remedies must be exhausted before a matter becomes subject to an article 78 proceeding (*Matter of Frey* v. *McCoy,* 35 A D 2d 1029, 1030).

Article 14 of the Civil Service Law, commonly known as the Taylor Act, vests employee organizations with the right to represent public employees, not only in connection with terms and conditions of employment, but also as to the administration of grievance arising thereunder (Civil Service Law, § 203; *Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington* v. *Associated Teachers of Huntington,* 30 N Y 2d 122, 131). The subject agreements contain fully developed grievance procedures preceded by a broad definition of the term "grievance" as follows:

"The term 'grievance' means any claim of injustice or oppression alleged to be in breach of this Agreement or an unreasonable exercise of the Management Responsibilities set forth in Article VI hereof, resulting from any act, occurrence, omission or condition, which is presented for solution, not later than ninety (90) days after the date on which the act, occurrence, omission or condition giving rise to the grievance first occurred, in accordance with the procedures set forth below, particularly those relating to the Second Stage and subsequent stages. *Unless otherwise agreed by the parties, grievances may not be brought on matters as to which other means of resolution are provided or foreclosed by this Agreement or by statute or administrative procedures applicable to the Authority, including*

*but not limited to position classification, salary allocation, disciplinary action, Civil Service examination rating, work performance rating or probationary termination; matters as to which other means of resolution are provided or foreclosed by law, including but not limited to breaches by the parties or obligations imposed upon them by law; matters whose resolution would require either party to do or refrain from doing an act beyond his, its or their powers, as provided by law, bond covenants or other agreements or otherwise; and matters which are hypothetical, not actual, where what is sought is an advisory decision or opinion."* (Emphasis added.)

Petitioner seeks to exclude this matter as a grievance due to the language the " grievances may not be brought on matters as to which other means of resolution are provided or foreclosed by this Agreement or by statute or administrative procedures applicable to the Authority ", contending that CPLR article 78, a " statute " specifically provides a remedy. This reasoning may well lead to the exclusion of any and all disputes from the grievance procedure whenever an employee wished to avoid it. But the fair interpretation of this particular exclusionary language is that all matters involving rights or duties covered by statutes, such as those enumerated, are not grievable since those statutes either provide for or exclude the same. The subject matter of a noon-day allowance, constituting a financial gain to an employee, clearly falls within the contemplated scope of the term " grievance ". By petitioner's own admission, the noon-day meal allowance constituted a term and condition of his employment and therefore within the scope of negotiations under the Taylor Law (Civil Service Law, § 201, subd. 4). It is also noted that prior to the issuance of the subject instruction, the matter of uniformity of the noon-day meal allowance was the subject of a grievance which itself resulted in the development of the new instruction in question.

Furthermore, it is the public policy of this State to include, rather than exclude, all terms and conditions of employment in negotiations and grievance procedures and employers presumptively have broad powers to do so, absent express statutory prohibition (*Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington* v. *Associated Teachers of Huntington,* 30 N Y 2d 122, *supra.* ) The fact that this particular term of condition was not specifically negotiated does not remove it from the comprehensive grievance procedure of the agreements. Therefore, the failure to exhaust the administrative remedy is fatal to the petition.

344

Another impediment to the relief sought is the discretionary nature of the subject matter to which relief in the nature of mandamus will not lie (*Matter of Posner* v. *Levitt,* 37 A D 2d 331, 332; *Matter of Frey* v. *McCoy,* 35 A D 2d 1029, *supra*). The Rules and Regulations of the State Comptroller are the authority under which the Authority acted, and the applicable portions relating to travel expenses are stated to be general in nature, allowing the department head " considerable discretion in carrying out his responsibility in the exercise of economy " (2 NYCRR 8.0 *et seq.*).

The remaining points raised are rendered academic.

The order should be reversed, on the law and the facts, and the petition dismissed, with costs.

STALEY, JR., J. P., GREENBLOTT, COOKE and REYNOLDS, JJ., concur.

Order reversed, on the law and the facts, and petition dismissed, with costs.