■ In the Matter of BAY RIDGE DIAGNOSTIC & ANALYTICAL LABORATORY, INC., Respondent, v J. HENRY SMITH, as Commissioner of New York City Department of Social Services, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Commissioner of the New York City Department of Social Services to pay outstanding Medicaid bills submitted by petitioner, the commissioner appeals from a judgment of the Supreme Court, Kings County, dated June 24, 1977, which, *inter alia,* ordered him to pay moneys due under the Medicaid program. Judgment reversed, on the law, without costs or disbursements, and proceeding remitted to Special Term, for a hearing in accordance herewith. The petitioner, Bay Ridge Diagnostic & Analytical Laboratory, Inc. (Bay Ridge), brought this proceeding pursuant to CPLR 7803 (subd 1) to compel the New York City Department of Social Services (DSS) to pay it for laboratory tests done in accordance with the Medicaid program. By the end of October, 1976, there was due Bay Ridge unpaid bills totaling $81,355.48. These bills were for services rendered during March through September, 1976. Since October, 1976 Bay Ridge has submitted further bills bringing the total claimed to be due to $150,548.83. The DSS initially refused payment after it learned that Bay Ridge and two corporate officers had been indicted in September, 1976 in New York County for various acts of fraud. The DSS refused payment unless certain conditions verifying the authenticity of the services rendered were complied with. After petitioner complied with these conditions the DSS continued to avoid its obligation to pay these bills. Under regulations of the State Department of Social Services, payment of all bills is required to be made promptly and in no case more than 12 months after the services were rendered (18 NYCRR 302.1 [b], [c]). Where it appears that Medicaid providers are guilty of wrongdoing or unacceptable practices, the commissioner may advise the provider of the charges and give it an opportunity to refute them at a hearing (18 NYCRR 515.2). Failure to refute the charges may result in censure, reduction in payment, nonpayment, suspension from the program or disqualification from the program (18 NYCRR 515.4). Bay Ridge has never been notified of any charges pending against it by the DSS. It has provided the DSS with all the verification requested. Thus, a proceeding in the nature of mandamus is an appropriate remedy since it appears that the agency has an absolute duty to pay the money owed to the petitioner (see, e.g., *Matter of Fehlhaber Corp. v O'Hara,* 53 AD2d 746; Siegel, New York Practice, § 558). Although some of the bills which form the subject of this proceeding were not due for a full 12 months prior to the institution of this

proceeding, we think mandamus may be properly invoked where more than two years has now elapsed since the services were performed and the agency has failed to move towards payment or to act under Part 515 of the regulations. However, a reversal is necessary because the amount of the bills due petitioner is in controversy. The DSS alleged in its answer to the petition that it had made excess payments to Bay Ridge of approximately $36,000. Accordingly, a triable issue of fact was presented to Special Term which should not have been decided without a hearing (see CPLR 7804, subds [g], [h]). Thus, the proceeding is remitted for an immediate hearing to determine the amount presently owed to petitioner. Titone, J. P., Margett, Martuscello and Mangano, JJ., concur.