In a proceeding pursuant to CPLR article 78, inter alia, to compel the payment to petitioner of the monetary value of his accumulated sick leave, the appeals are from (1) a judgment of the Supreme Court, Nassau County, entered June 29, 1979, which granted the petition, and directed appellants to pay petitioner the sum of $8,472.36 for accumulated sick leave and to pay to the New York State Retirement System the appropriate monetary contribution arising from and measured by petitioner’s accumulated sick leave, and (2) an order of the same court, dated September 12, 1979, which denied appellants’ motion which was, in effect, *870 for reargument. Appeal from the order dismissed, without costs or disbursements. No appeal lies from an order denying a motion for reargument. Judgment reversed, on the law, without costs or disbursements, and proceeding remitted to Special Term for a hearing in accordance herewith. The parties to the within proceeding entered into a stipulation before Special Term regarding all of the essential facts, except that it was explicitly stated that they could not agree upon the exact number of sick days which had been accumulated by the petitioner. In addition, the appellants in their answer specifically denied that they had knowledge or information sufficient to form a belief as to the accuracy of petitioner’s allegations concerning the number of accumulated sick days. Under these circumstances, and despite the fact that petitioner submitted in support of his petition a certification by the Deputy Administrative Judge for the County Court of the number of accumulated sick days, we do not believe that the foregoing can be considered binding upon the appellants, who have never conceded the accuracy of that certification. Accordingly, a triable issue of fact was presented on the face of the pleadings before Special Term and the matter should not have been decided without a hearing (see CPLR 7804, subd [h]; Matter of Bay Ridge Diagnostic & Analytical Lab. v Smith, 71 AD2d 889). Thus, the proceeding must be remitted for a hearing to determine the number of sick days, if any, which petitioner may have accumulated. We have considered appellants’ remaining contentions and find them to be without merit. Gibbons, J. P., Gulotta, Hargett and O’Connor, JJ., concur.