In the Matter of JOHN MARCHI, Appellant, v REMO J. ACITO et al., Constituting the New York State Board of Elections, Respondents.

Third Department, November 6, 1980

## APPEARANCES OF COUNSEL

*Duncan S. MacAffer* for appellant.

*Thomas P. Zolezzi* for respondent.

## OPINION OF THE COURT

SWEENEY, J. P.

Petitioner was the incumbent Republican State Senator from the 24th Senatorial District and won re-election to that office in the election held on November 8, 1978. The day prior to election day he filed a complaint with respondents alleging that his Democratic opponent had violated 9 NYCRR 6201.1 (b), a provision of the Fair Campaign Code. This section prohibits the "preparation or distribution of any fraudulent, forged or falsely identified writing". Specifically, petitioner alleged that his opponent published and distributed a publication stating, *inter alia,* that a certain Congressman had indorsed him and containing a quotation charging that petitioner had failed to act in connection with a Public Service Commission hearing. Both statements, petitioner alleged, were denied by those involved and were false and the result of forgeries. Respondents declined to act on petitioner's complaint on the ground that the Fair Campaign Code was "constitutionally unenforceable." Respondents relied on *Vanasco v Schwartz* (401 F Supp 87, 97, affd 423 US 1041) wherein it was determined that certain sections of the code were unconstitutional on the ground that they were overly broad and had a potentially "chilling effect" on freedom of speech as protected by the First Amendment. Respondents further contended that this was so in the instant case in spite of the amendment to the code, effective April 28, 1978, omitting the sections of the code the *Vanasco* court found unconstitutional. The present CPLR article 78 proceeding in the nature of mandamus to compel respondents to act on petitioner's complaint was commenced. Special Term dismissed the petition and this appeal ensued.

A proceeding in the nature of mandamus is appropriate to compel the performance of a statutory duty ministerial in nature, but not one in respect to which an officer may exercise judgment or discretion unless such judgment or discretion has been abused by arbitrary or illegal action (*Matter of Stutzman v Fahey,* 62 AD2d 1070; *Matter of Fehlhaber Corp. v O'Hara,* 53 AD2d 746). Examination of section 3-106 of the Election

Law reveals that the power of the Board of Elections to determine whether or not to take action upon receipt of a complaint of a violation of the Fair Campaign Code is discretionary. It is also within the board's discretion to determine whether or not a hearing will be held following review of such a complaint (9 NYCRR 6201.3 [c] [1]). Accordingly, we are of the view that respondents' determination not to act upon petitioner's complaint was discretionary. The issue thus narrows to whether or not respondents abused their discretion by arbitrary or illegal action.

■ As previously noted, the court in *Vanasco v Schwartz (supra)* declared certain sections of the Fair Campaign Code unconstitutional. The code was thereafter amended, however, and the section which petitioner alleged was violated by his opponent was not considered by the court in *Vanasco.* Since the sections of the code declared unconstitutional by the court in *Vanasco* were the only sections in actual controversy, only those sections could be reviewed by the court concerning their constitutionality (see *United States v Raines,* 362 US 17). Neither the code itself nor any other sections of the code were declared unconstitutional. Respondents, therefore, improperly relied on *Vanasco* in determining that the code was constitutionally unenforceable. Respondents were in effect declaring 9 NYCRR 6201.1 (b) unconstitutional and concededly they are not empowered to make such a declaration. Constitutional questions are unsuited to resolution in administrative hearing procedures *(Califano v Sanders,* 430 US 99). Consequently, we conclude that respondents abused their discretion by arbitrarily deciding that the code was constitutionally unenforceable. This court takes no position on the constitutionality of the code as that issue is not now before us. Although the judgment appealed from must be reversed, we are not mandating that respondents take action on petitioner's complaint but only decide that respondents may not fail to act on the ground that the Fair Campaign Code is constitutionally unenforceable.

The judgment should be reversed, on the law, without costs, and the petition granted to the extent of remitting the matter to respondents for further proceedings not inconsistent herewith.

HERLIHY, J. (concurring). I agree that the respondents' conclusion that *Vanasco v Schwartz* (401 F Supp 87, affd 423

US 1041) was controlling is erroneous and there was no issue of constitutionality properly before the respondents.

However, there is no basis for not ordering an investigation as the respondents have failed to allege any other basis for a refusal to proceed on the complaint. The remittal should be with direction to proceed with the investigation required by section 3-106 of the Election Law and conduct a hearing if deemed necessary.

KANE, MAIN and CASEY, JJ., concur with SWEENEY, J. P.; HERLIHY, J., concurs in a separate opinion.

Judgment reversed, on the law, without costs, and petition granted to the extent of remitting the matter to respondents for further proceedings not inconsistent herewith.