In the Matter of the COUNTY OF WYOMING et al., Respondents, v DIVISION OF CRIMINAL JUSTICE SERVICES OF THE STATE OF NEW YORK et al., Appellants.

Fourth Department, October 1, 1981

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Peter Sullivan* of counsel), for appellants.

*A. Reid King* for County of Wyoming, respondent.

*Philip B. Abramowitz* for Wyoming County Attica Legal Aid Bureau, Inc., respondent.

OPINION OF THE COURT

CALLAHAN, J.

This is an appeal by the respondents New York State Division of Criminal Justice Services and its Commissioner, Frank J. Rogers, from a judgment of the Wyoming County Supreme Court which directed respondents to approve for payment all vouchers submitted by the petitioner County of Wyoming to compensate petitioner, The Wyoming County-Attica Legal Aid Bureau, Inc., for services contracted by the County.

Prior to April 1, 1981, the County of Wyoming had maintained a contract with The Legal Aid Bureau of Buffalo, Inc. (Buffalo Legal Aid) to provide legal representation to indigent parolees pursuant to section 259-i of the

Executive Law. On October 22, 1980, the County of Wyoming entered into a new and similar agreement with The Wyoming County-Attica Legal Aid Bureau, Inc. (Attica Legal Aid) to provide these services for the period April 1, 1981 through March 31, 1982. There is no dispute that on and after April 1, 1981, Attica Legal Aid rendered the contracted for services and submitted vouchers to the County of Wyoming seeking reimbursement. The County in turn submitted vouchers to respondents seeking payment from State appropriated funds.

By letter dated March 30, 1981, respondent Rogers informed the chairman of the Wyoming County Board of Supervisors that he was not confident that Attica Legal Aid was as fiscally responsible or as capable of administrating the program as Buffalo Legal Aid, and that he had therefore instructed his staff to approve only vouchers for Buffalo Legal Aid. On April 10, 1981, respondent Rogers further advised that he had directed his staff not to approve any vouchers for services rendered by the Attica group after April 1, 1981 because if the Buffalo group commenced litigation, "payment of State funds for indigent parolee representation by the Attica [Legal Aid] group obviously could not be approved by us until the ultimate judicial resolution of the case in their favor."* Petitioners immediately commenced this CPLR article 78 proceeding seeking judgment in the nature of mandamus compelling respondents to approve all submitted vouchers.

Respondents erroneously claim that inasmuch as the article 78 petition seeks money damages, Special Term lacked jurisdiction and the application should have been made in the Court of Claims. We agree with petitioners that since they are not seeking the return of funds wrongfully held by the State, but rather want respondents to perform a duty enjoined upon them by the law (CPLR 7803, subd 1), Special Term did have jurisdiction.

An alleged parole violator is entitled to assigned counsel at a revocation hearing, if the parolee is indigent (Executive Law, § 259-i, subd 3, par [f], cl [v]). This right extends

---

* Buffalo Legal Aid did in fact commence legal proceedings against Attica Legal Aid. Their complaint alleges that defendants, former employees of the Buffalo Legal Aid group, in forming their own corporation, had conspired to induce Wyoming County to discontinue its existing contractual relations with the Buffalo group.

to parolees upon appeal to the Parole Board (Executive Law, § 259-i, subd 4). Assignment of counsel under these provisions must be made by an appropriate court in accordance with the designated county or city plan for representation placed in operation pursuant to article 18-B of the County Law (Executive Law, § 259-i, subd 3, par [f], cl [v]). The County Law permits representation by and court assignment of counsel furnished by a private legal aid bureau designated by a county and operating to give legal assistance to persons financially unable to obtain counsel (County Law, § 722, subd 2). Nothing in either the County Law or the Executive Law requires approval by respondents of a county's designation of a private legal aid bureau (see County Law, § 722, subd 3). Pursuant to these provisions the County of Wyoming properly entered into an agreement with Attica Legal Aid to provide representation to indigent parolees.

Although expenses under article 18-B of the County Law are normally a county charge, the Legislature, presumably to alleviate the burden imposed upon small counties with large prison populations, has appropriated funds to the Division of Criminal Justice Services "for the payment of state aid to counties for legal representation of indigent parolees and inmates pursuant to article 18-B of the county law and to subparagraph (v) of paragraph (f) of subdivision (3) and paragraph (b) of subdivision (4) of section 259-i of the executive law." (L 1981, ch 53.) There is no approval requirement contained in the appropriation. In our view, the absence of any statute or rule conferring authority to disapprove vouchers to obtain the appropriated funds renders respondents' act of approval ministerial in nature (cf. *Matter of Guile v State Univ. of N.Y.,* 49 AD2d 1022; *Matter of Currie v Bixby,* 40 AD2d 341, 344).

A CPLR article 78 proceeding in the nature of mandamus is an appropriate remedy to compel performance of a statutory duty that is ministerial in nature, but not one in respect to which an officer may exercise judgment or discretion unless such judgment or discretion has been abused by arbitrary or illegal action *(Matter of Marchi v Acito,* 77 AD2d 118, 119; *Matter of Stutzman v Fahey,* 62 AD2d 1070, 1071; *Matter of Fehlhaber Corp. v O'Hara,* 53 AD2d 746).

An act which the law requires a public officer to perform in a specific manner upon conceded facts is considered ministerial *(Matter of Posner v Levitt,* 37 AD2d 331, 332, *McLaughlin v New York City Employees Retirement System,* 90 Misc 2d 509). Since respondents' approval is required by law and no statute or rule provides them any discretion to withhold approval upon the admitted facts in this proceeding, Special Term correctly compelled performance. (See *Matter of Bay Ridge Diagnostic & Analytical Lab. v Smith,* 71 AD2d 889.)

Further, petitioners maintain that even if respondents' approval may be considered discretionary, mandamus still is available since respondents acted arbitrarily in refusing to perform their statutory function (see *Matter of Weber v Department of Fire of City of Syracuse,* 54 AD2d 164). The only reason respondents submitted for withholding payment was that litigation had been commenced by another group seeking to represent indigent parolees in Wyoming County. While this action might be reasonable if some contract, statute or rule established such a ground for disapproval (see, e.g., *Matter of Five Boro Constr. Corp. v Moses,* 9 AD2d 360), under the circumstances in the instant proceeding, the existence of the other lawsuit is irrelevant. Without any specific authority for refusing to act, respondents have postponed approval of petitioners' vouchers for an indefinite period with possible unpredictable consequences to follow. In this situation, mandamus is appropriate since the action taken was arbitrary and capricious in that it was taken without sound reason and without regard to the facts (see *Matter of Konski Engrs., P.C. v Levitt,* 69 AD2d 940).

Finally, although mandamus is classified as a legal remedy, equitable principles are also considered to be controlling *(Matter of Geller v Veteran,* 49 AD2d 574, mot for lv to app den 39 NY2d 708). Under the circumstances revealed in the record of this proceeding and the need for prompt payment to ensure continued representation, Special Term did not abuse its discretion by issuing the order to compel respondents' approval.

Accordingly, the judgment should be affirmed.

HANCOCK, JR., J.P., DOERR, DENMAN and SCHNEPP, JJ, concur.

Judgment unanimously affirmed, with costs.