In the Matter of BETH RIFKA, INC., Petitioner, v DAVID AXELROD, as Commissioner of the New York State Department of Health, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Health which revoked the operating certificate of petitioner as operator of the Beth Rifka Nursing Home. Petitioner was charged with several violations of the regulations of the New York State Department of Health. Following a hearing, the charges were sustained and petitioner's operating certificate as operator of the Beth Rifka Nursing Home was revoked. The present proceeding to review this determination then ensued. Petitioner's principal contention in this proceeding is that based on the evidence presented at the hearing demonstrating petitioner's compliance with the department's regulations at the time of the hearing, the determination revoking its operating certificate was arbitrary, capricious and an abuse of discretion. The charges against petitioner which were substantially related to patient care resulted from surveys taken at petitioner's nursing home in April and July of 1982 by employees of the Department of Health. While petitioner does not dispute the findings as to these charges in this proceeding, it is argued that its subsequent compliance with the department's regulations precludes revocation of its operating certificate herein. We disagree. The record reveals that by order of the Commissioner of the Department of Health dated August 25, 1982, petitioner's operating certificate was temporarily suspended for 60 days and the following day an employee of petitioner's began her duties to coordinate a team brought in to correct the deficiencies. The commissioner noted in his determination that the principal corrective actions taken by petitioner were initiated under the duress of said order and "not as a result of any independent recognition of the ethical and moral principles, reflected in the regulatory standards, which govern our responsibility to the elderly". In our view, the fact that petitioner may have remedied the violations after its operating certificate was temporarily suspended but before the hearing on the charges does not render the determination to revoke its operating certificate arbitrary or capricious or an abuse of discretion. Nor, in our opinion, is the penalty of revocation in the instant case so disproportionate to the offense as to be shocking to one's sense of fairness. Therefore, it should not be disturbed (*Matter of Pell v Board of Educ.*, 34 NY2d 222). We have examined petitioner's remaining arguments and find them unpersuasive. The determination must be confirmed. Determination confirmed, and petition dismissed, without costs; stay contained in order of this court dated December 6, 1982, vacated; matter remitted to respondent to fix an appropriate date for completion of the

discharge of all patients from the facility. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.