■ In the Matter of Louise McCormick et al., Appellants, v David Axelrod, as Commissioner of the New York State Department of Health, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Rubin, J.), entered December 3, 1982 in Richmond County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking, *inter alia,* a judgment requiring respondent to petition the court for the appointment of a receiver to operate the Beth Rifka Nursing Home pursuant to section 2810 (subd 2, par a) of the Public Health Law. By an order of the Commissioner of the New York State Department of Health dated November 22, 1982, the operating certificate issued to Beth Rifka, Inc., as operator of the Beth Rifka Nursing Home, was revoked and all patients of the nursing home were directed to be discharged to other facilities by December 1, 1982. The application by Beth Rifka, Inc., to review the revocation of its operating certificate has been decided by this court herewith wherein the revocation was confirmed and the petition dismissed (*Matter of Beth Rifka, Inc. v Axelrod,* 91 AD2d 1143). Petitioners in the present proceeding are patients at the Beth Rifka Nursing Home. In their application, petitioners sought, *inter alia,* a judgment requiring respondent to petition the court for the appointment of a receiver pursuant to section 2810 (subd 2, par a) of the Public Health Law. The application was in all respects denied and this appeal ensued. The appeal was transferred to this court by order of the Appellate Division, Second Department, entered December 9, 1982. Petitioners' sole contention on this appeal concerns the failure of respondent to seek the appointment of a receiver. Consequently, we will concern ourselves solely with this portion of petitioners' application. Section 2810 (subd 2, par a) provides, in pertinent part, that: "[a]s a means of protecting the health, safety and welfare of the patients in a residential health care facility, whenever the commissioner revokes the operating certificate of such a facility he shall apply to the supreme court * * * for an order directing the owner of the land and/or structure on or in which the facility is located to show cause why the commissioner, or his designee, should not be appointed receiver to take charge of the facility." Petitioners argue that the mandatory language of the statute requires that respondent apply for the appointment of a receiver. We disagree. The use of mandatory language in a statute is of slight importance in determining whether an act is mandatory or directory (*Munro v State of New York,* 223 NY 208, 214). The controlling considerations are the intent of the Legislature, the purpose of the act, the public policy to be promoted and the results which would obtain if one conclusion were followed to the exclusion of another (*Matter of 121-129 Broadway Realty v New York State Div. of Human Rights,* 43 AD2d 754). A receiver appointed pursuant to section 2810 of the Public Health Law is required to provide with all reasonable speed for the orderly transfer of all the patients in the facility (Public Health Law, § 2810, subd 2, par c) and the receivership terminates when all of the patients have been provided alternative modes of health care, either in another facility or otherwise (Public Health Law, § 2810, subd 2, par e, cl [i], subcl [c]). In the situation where the commissioner has ordered the transfer of patients in a very short period of time, we are of the view that public policy does not require nor did the Legislature intend that the commissioner be required to apply for the appointment of a receiver to oversee the health and safety of the patients and the operation of the facility. We thus conclude that section 2810 (subd 2, par a) is directory and not mandatory leaving to the discretion of the commissioner whether or not to seek the appointment of a receiver. A judgment in the nature

of mandamus is not appropriate to compel the performance of a statutory duty where the officer may exercise judgment or discretion unless such judgment or discretion has been abused by arbitrary or illegal action (*Matter of Marchi v Acito*, 77 AD2d 118, 119). We do not find any abuse of discretion by arbitrary or illegal action by respondent in the present case due to his failure to seek the appointment of a receiver and, therefore, conclude that Special Term properly denied petitioners' application for a judgment requiring the respondent to petition the court for the appointment of a receiver. Accordingly, the judgment must be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.