## THIRD DEPARTMENT, OCTOBER, 1983

## (October 4, 1983)

■ In the Matter of WNYT-TV, Petitioner, v G. THOMAS MOYNIHAN, as Acting Saratoga County Court Judge, Respondent. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506, subd [b], par 1)

to compel respondent to provide petitioner access for recording of a voice tape recording introduced into evidence in the case of People v Cruickshank. The tape recording sought by petitioner was admitted into evidence on September 21, 1983 during the trial of Dawn Cruickshank on criminal charges resulting from the shooting death of her father. The tape contains a telephone conversation which occurred between defendant Cruickshank and members of the Saratoga County Sheriff's office on the evening of the shooting. Petitioner's application to the Trial Judge for permission to make a copy of the tape recording was denied and the present CPLR article 78 proceeding to compel respondent to provide petitioner access for recording of the tape ensued. Initially, respondent contends that this proceeding was commenced by service of an order to show cause and two affidavits and that no petition was filed; that petitioner failed to state that it was a corporation and specify the State, county or government under whose law it was created (CPLR 3015, subd [b]); and that petitioner's papers do not contain a verification. Since these defects in form are merely technical in nature and do not result in any prejudice to respondent, in the interests of justice they should be disregarded (see CPLR 2001; *Matter of Ferro v Lavine,* 46 AD2d 313, 318). Accordingly, we shall consider this proceeding upon the merits. We note that mandamus is a drastic and extraordinary remedy (*Matter of Fried v Fox,* 49 AD2d 877) and is not appropriate to compel the performance of a duty in respect to which an officer may exercise judgment or discretion unless such judgment or discretion has been abused by arbitrary or illegal action (*Matter of Marchi v Acito,* 77 AD2d 118). In the present case, it is not disputed that the tape in question has been transcribed and petitioner has not been denied the right to a copy of the transcript. Moreover, in an affidavit submitted in opposition to this proceeding, respondent states that he denied petitioner the right to record the tape because damage or destruction of the tape could occur while a copy was being made and this could possibly prevent a complete replay of the tape to the jury during deliberation, thereby affecting defendant's right to a fair trial. As noted by the United States Supreme Court, the right to copy judicial records is not absolute, every court has supervisory power over its own records and files and access has been denied where, for example, court files might have become a vehicle for improper purposes (*Nixon v Warner Communications,* 435 US 589, 598). In view of the drastic nature of the remedy of mandamus and cognizant of the facts that we are here concerned with an ongoing trial and petitioner has already had access to the contents of the subject recording, we are unable to conclude that respondent has abused his discretion by arbitrary or illegal action. Accordingly, the application for a judgment in the nature of mandamus should be denied and the petition dismissed (see *Matter of Hearst Corp. v Vogt,* 62 AD2d 840). Application denied, and petition dismissed, without costs. Sweeney, J. P., Casey and Weiss, JJ., concur.

Kane and Levine, JJ., dissent in the following memorandum by Kane, J. Kane, J. (dissenting). We respectfully dissent. The right of access to judicial records in a situation such as this has been discussed at length by the Second Circuit Court of Appeals in *Matter of National Broadcasting Co.* (635 F2d 945). Therein, the Second Circuit instructed us, based upon the undisputed existence of the common-law right to inspect and copy judicial records, that: "When physical evidence is in a form that permits inspection and copying without any significant risk of impairing the integrity of the evidence or interfering with the orderly conduct of the trial, only the most compelling circumstances should prevent contemporaneous public access to it" (*id.,* at p 952). The quite speculative risk of damage to the tape advanced by respondent does not warrant infringement on the right to copy it. Furthermore, as the majority notes, the tape in question has been transcribed and petitioner has not been denied the

right to a copy of the transcript. In fact, no claim is made that the publicity generated from the actual playing of the tape by the media would affect defendant's right to a fair trial. Moreover, we cannot assume that petitioner would act in a manner inconsistent with its professional responsibilities in using a copy of the tape. In reaching this decision, we are not unmindful of our decision in *Matter of Hearst Corp. v Vogt* (62 AD2d 840) in which a majority of this court concluded that the Trial Judge correctly denied the petitioner's right to copy certain exhibits. *Matter of Hearst Corp.* not only was decided prior to *Matter of National Broadcasting Co. (supra)*, the rationale of which we would adopt, but involved a factual finding by the majority that the requested copying might very well "prevent the defendants from having a fair trial" (*Matter of Hearst Corp. v Vogt, supra,* p 842). An examination of the instant record fails to warrant such a conclusion with respect to this defendant. In view of the above, we conclude that respondent abused his discretion by refusing petitioner's request to make a copy of the subject tape recording. Accordingly, the petition should be granted.