Robert I. Williamson, Esq. County Attorney, Tompkins County
You have asked whether Tompkins County may require a person accused of a criminal offense to repay to the county the costs of providing effective representation of counsel, when that person is indigent at the time of the criminal proceedings but subsequently acquires the means to bear the costs of the legal defense.
In 1965, in response to the Supreme Court decision in Gideon vWainwright (372 U.S. 335 [1963]), New York enacted Article 18-B of the County Law as a statutory scheme for legal representation of indigent criminal defendants, to accompany plans for provision of services by a public defender and the Legal Aid Society (County Law, § 722, etseq.; Matter of Patricia R. v Peter W., 126 Misc.2d 87 [1984]).
Under this law, attorneys who are assigned to represent indigent criminal defendants are entitled to compensation from the county for their time and expenses:
 "All expenses for providing counsel and services other than counsel hereunder shall be a county charge or in the case of a county wholly located within a city[,] a city charge to be paid out of an appropriation for such purpose" (County Law, § 722-e).
The total amount of compensation is determined by the court in which the case or appeal is heard (County Law, § 722-b).*
Section 722-d addresses the situation where a non-indigent defendant receives representation under Article 18-B, and reads as follows:
 "Whenever it appears that the defendant is financially able to obtain counsel or to make partial payment for the representation or other services, counsel may report this fact to the court and the court may terminate the assignment of counsel or authorize payment, as the interests of justice may dictate, to the public defender, private legal aid bureau or society, private attorney, or otherwise" (County Law, § 722-d).
By its very terms, however, this section only applies to the situation where the ability to afford counsel occurs, or is discovered, during the course of the action (People v Wheat, 80 Misc.2d 844 [Suffolk Co, Co Ct, 1975]; see Matter of Patricia R. v Peter W., 126 Misc.2d 87, 89 [Family Ct, N Y Co, 1984]; Matter of Cheri H., 121 Misc.2d 973 [Fam Ct, Bronx Co, 1983]; People v Bell, 119 Misc.2d 274 [Sup Ct, Queens Co, 1983]). InMatter of Patricia R., the Court stated:
 "On the contrary, section 722-d of the County Law permits the court to terminate the assignment of counsel or to require partial payment when it appears that the person represented can afford counsel. This issue may be raised during the course of the proceeding subsequent to the arraignment" (126 Misc 2d at 89).
 The question of whether section 722-d allows a county to collect the cost of representation from an indigent defendant who later becomes financially solvent has not been addressed by New York's courts.*
 Other jurisdictions have implemented plans whereby the legal service provider can recoup its expenses from an indigent defendant who becomes solvent at a later point (18 U.S.C. § 3006A[c]; James v Strange, 407 U.S. 128, 133 [1972]). The Supreme Court has held that these recoupment plans do not, in and of themselves, violate a defendant's constitutional rights (Rinaldi v Yeager, 384 U.S. 305 [1966]). The Court has held, however, that recoupment plans must give defendants the same rights accorded other civil judgment debtors (James v Strange, 407 U.S. 128
[1972]). Furthermore, the Court has specifically rejected the argument that imposing a charge on a defendant for exercising the Sixth Amendment right to counsel creates a chilling effect (Fuller v Oregon, 417 U.S. 40 [1973]).
 These Supreme Court cases addressed the constitutionality of State statutory schemes which specifically allowed for the recoupment of defense costs from a defendant. In New York, the situation is somewhat different because each county in New York State has the option of providing representation to indigent defendants by means of a public defender (County Law, §§ 716-721), legal aid society or assigned counsel under Article 18-B (County Law, § 722). Unlike the statutes under consideration in the Supreme Court cases, in New York there is no specific provision for recoupment after termination of criminal proceedings. Section 722-e provides that the cost of legal defense is a county charge.
 "All expenses for providing counsel and services other than counsel hereunder shall be a county charge or in the case of a county wholly located within a city[,] a city charge to be paid out of an appropriation for such purposes" (County Law, § 722-e).
By providing that the cost of providing legal representation is a "county charge", the Legislature intended that the county would ultimately assume the defense costs. For example, section 409 of the County Law provides that damages recovered against a county officer in a lawsuit, together with the expense of defending that lawsuit, are county charges "and shall be audited and paid in the same manner as other county charges" (County Law, § 409[2]; Slominski v Rutkowski, 91 A.D.2d 202
[4th Dept, 1983], mod on other grounds 62 N.Y.2d 781 [1984]). These expenses, labelled "county charges" are assumed by the county because the Legislature has determined that county officers should not be personally liable for actions taken in their official capacities (see also, Public Officers Law, § 17). Similarly, in the immediate case, the Legislature, in implementing the directive of Gideon v Wainwright (372 U.S. 335 [1963]), determined that the county shall assume the cost of defending the indigent.*
We conclude that a county may not implement a plan requiring a person accused of a criminal offense to repay to the county the costs of providing legal counsel, when that person is indigent at the time of the criminal proceeding, but subsequently acquires the means to bear the costs of the legal defense.
* At present, attorneys are compensated at the rate of twenty-five dollars per hour spent in court before a magistrate, and fifteen dollars per hour for time reasonably expended out of court. The statute also sets forth maximum total amounts of compensation for various services performed (County Law, § 722-b).
* 18 U.S.C. § 3006A(c) provides that a Federal court may order a solvent defendant to contribute towards the cost of the legal defense "at any time after the appointment of counsel". This has been held to include a "reasonable period" after the conclusion of the case (U.S. v Durks,490 F.2d 478, 479 [7th Cir, 1973]).
* The Legislature has also provided for State assistance to alleviate the burden placed on small counties with large prison populations (Executive Law, § 259-i[3][f][v], [4][b]; Matter of Wyoming vDivision of Criminal Justice Services, 83 A.D.2d 25, 27 [4th Dept, 1981]).