■ In the Matter of JACK H. ABBOTT, Petitioner, v EDWARD CONWAY, as Supreme Court Justice, Respondent.—Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to compel respondent to vacate a

default judgment, grant an injunction and grant permission to petitioner to proceed as a poor person.

In 1984, a libel action was commenced against petitioner seeking damages for an allegedly defamatory article written by petitioner and published in a national magazine. Petitioner never appeared in the action and in 1985 a default judgment was entered against him. In June 1988, petitioner, *pro se,* moved to, *inter alia,* vacate the default judgment and to proceed as a poor person. By letter dated July 20, 1988, Supreme Court denied the application. Petitioner then filed a notice of appeal dated August 3, 1988 and, by a motion dated August 24, 1988, requested relief in the nature of mandamus. Supreme Court signed an order effectuating its decision on October 21, 1988.

Initially, we note that petitioner has informed this court of his intention to proceed with his writ of mandamus rather than to appeal Supreme Court's order.* Mandamus is an extraordinary remedy and is not appropriate to compel a judicial officer to act in matters involving his judgment or discretion unless such judgment or discretion has been abused by arbitrary or illegal action *(Matter of WNYT-TV v Moynihan,* 97 AD2d 555, 556; *see, Matter of Grisi v Shainswit,* 119 AD2d 418, 420).

In the present case, as to petitioner's application to proceed as a poor person, CPLR 1101 sets forth the procedures required to make such an application. Here, Supreme Court denied the application because petitioner failed to file a certificate of an attorney stating that there was merit to his contentions. The court also noted that petitioner had failed to show that his motion to vacate had any merit. We find no abuse of discretion in the court's decision. A court may require an applicant to file a certificate from an attorney *(see,* CPLR 1101 [b]). Furthermore, petitioner's motion papers fail to set forth facts showing merit to his contentions as required by CPLR 1101 (a) *(see, Lawson v Bryant,* 138 AD2d 980). Therefore, the court properly denied petitioner's request to proceed as a poor person.

With respect to petitioner's motion to vacate the default

* The notice of appeal was filed prior to the issuance of Supreme Court's order and was therefore premature. Nevertheless, since the order only ministerially implemented the court's prior decision, then even if this matter was in the form of an appeal, in the interest of judicial economy it would be deemed to be from the order and we would thus address the merits of petitioner's arguments *(see,* CPLR 5520 [c]; *National Bank v Kory,* 63 AD2d 579, *lv denied* 45 NY2d 712).

judgment, it was not made within one year after service of judgment and entry as required by CPLR 5015 (a) (1). While a court has the inherent power to open judgments in the interest of justice even after the expiration of the one-year limitation (see, Machnick Bldrs. v Grand Union Co., 52 AD2d 655), petitioner did not demonstrate a reasonable excuse for his delay in seeking to vacate the default judgment. He had previously been warned by Supreme Court through correspondence with the court of his time to move. The Legal Aid Society of Northeastern NY, Inc. also warned him of the one-year limitation. Petitioner also received assistance from a law professor. In any event, even if petitioner's arguments as to the causes of the delay were accepted, he still failed to satisfy his burden of establishing a reasonable excuse for the default, a lack of willfulness and a meritorious defense to the action (see, David Sanders, P. C. v Harris A. Sanders, Architects, 140 AD2d 787, 789) so as to warrant a vacatur of the default judgment.

To conclude, insofar as we find that Supreme Court did not abuse its discretion by arbitrary or illegal action, the application for relief in the nature of mandamus should be denied and the petition dismissed. Additionally, were we to consider this an appeal, our conclusions would be the same.

Petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., Concur.

