■ In the Matter of JAMES D. CARTER et al., Respondents, v ADIRONDACK PARK AGENCY, Appellant. [610 NYS2d 408] —Mercure, J. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered January 19, 1993 in Clinton County, which, *inter alia,* granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding that petitioners unlawfully expanded their marina without a permit.

Petitioners are the former and current owners of the Old Valcour Marina, located on Lake Champlain in Clinton County, within the boundaries of the Adirondack Park. Although the marina was in lawful existence at the time of enactment of the Adirondack Park Agency Act (Executive Law § 800 *et seq.)* in 1973, its subsequent expansion by 25% or more constitutes a Class B regional project, requiring respondent's approval *(see,* Executive Law § 809 [1]; § 810 [2] [a] [10], [20]). In 1987 respondent began to receive complaints that the marina was being expanded without a permit. Respondent's staff investigated and in February 1991 sent a "notice of apparent violation" to petitioners. At its July 12, 1991 meeting, however, respondent determined that there was insufficient evidence to find that the marina had expanded 25% or more since 1973.

In September 1991 the Valcour Property Owners Association (hereinafter the association) requested that respondent

reconsider its July 1991 determination with regard to the marina. Contrary to petitioners' position on the application, respondent's Enforcement Committee determined that respondent's July 1991 determination did not foreclose reconsideration because respondent may reconsider jurisdictional and enforcement issues at any time based upon additional evidence. Upon reconsideration, the Enforcement Committee determined that the marina had expanded 25% or more since 1973 and was thus in violation of Executive Law §§ 809 and 810. Following unsuccessful administrative appeal to respondent, petitioners commenced this CPLR article 78 proceeding to annul respondent's determination. Respondent counterclaimed for injunctive relief and civil penalties. Supreme Court granted the petition and annulled respondent's determination upon the threshold ground that respondent had no authority to reconsider its July 1991 determination without a new "notice of apparent violation". Respondent appeals.

We reverse. Initially, we disagree with Supreme Court's conclusion that respondent lacked authority to reconsider its July 1991 determination. The association's erroneous reference to 9 NYCRR 572.22 (applicable to project sponsors and variance applicants) notwithstanding, we agree with respondent that the application for reconsideration was governed by 9 NYCRR part 581, which neither expressly permits (cf., 9 NYCRR 581.5 [d] [an appeal by an alleged violator that alleges new matter is to be treated as a request for reconsideration]) nor, in our view, evidences an intent to bar reconsideration on the initiative of respondent or an intervenor. In the absence of a statutory or regulatory prohibition, however, respondent, like any zoning board (see, Matter of Hunt Bros. v Glennon, 81 NY2d 906, 909; Wambat Realty Corp. v State of New York, 41 NY2d 490, 491), has inherent power to reconsider its determinations upon a showing of new facts (see, Matter of Reed v Board of Stds. & Appeals, 255 NY 126, 133-134; Matter of Hoerner v Tormey, 24 AD2d 597; Ellsworth Realty Co. v Kramer, 268 App Div 824; see also, Matter of Sullivan County Harness Racing Assn. v Glasser, 30 NY2d 269, 277; Matter of Evans v Monaghan, 306 NY 312, 323-324). We further conclude that the determination following reconsideration was not barred by res judicata, first, because the two determinations arose in the same proceeding (see, Matter of Ireland v Zoning Bd. of Appeals, 195 AD2d 155) and, second, because it was based upon materially changed facts (cf., Jensen v Zoning Bd. of Appeals, 130 AD2d 549, lv denied 70 NY2d 611). Last, because petitioners had already been served with a "notice of

apparent violation" and were provided with further notice of respondent's intention to reconsider the matter and an opportunity to be heard and to controvert the additional submissions, no additional notice was required.

Turning finally to the merits, although the evidence was by no means uncontroverted, we conclude that the record provides a rational basis for respondent's determination that the marina had expanded 25% or more from its size as of May 1973 (see, Matter of Friedman v Adirondack Park Agency, 165 AD2d 33, 38, lv denied 78 NY2d 853).

Cardona, P. J., White, Casey and Weiss, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed, petition dismissed, respondent is granted judgment on its counterclaim and the matter is remitted to the Supreme Court for a determination of the penalty to be imposed on the second cause of action thereof.