## Matter of Woodside Manor Nursing Home, Inc. v Zucker

2022 NY Slip Op 34683(U)

January 31, 2022

County Court, Albany County

Docket Number: Index No. 901450-21

Judge: Debra J. Young

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

STATE OF NEW YORK
COUNTY COURT    COUNTY OF ALBANY

---

In the Matter of Woodside Manor Nursing Home, Inc.; Affinity Skilled Living and Rehabilitation Center; Autumn View Health Care Facility, LLC; Avon Nursing Home, LLC; Bainbridge Nursing & Rehabilitation Center, LLC; Brookhaven Health Care Facility, LLC; Central Park Rehabilitation and Nursing Center; Conesus Lake Nursing Home, LLC; Forest View Center for Rehabilitation and Nursing; Garden Gate Health Care Facility, LLC; Harris Hill Nursing Facility, LLC; Hornell Gardens, LLC; Newark Manor Nursing Home Inc.; North Gate Health Care Facility, LLC; Palm Gardens Care Center For Nursing and Rehabilitation; Park Ridge Nursing Home D/B/A Park Ridge Living Center;  Penfield Place, LLC; Seneca Health Care Center, LLC; Seneca Nursing & Rehabilitation Center, LLC; The Brightonian, Inc.; The Hurlbut, LLC; The Shore Winds, LLC; Unity Living Center,

Plaintiffs-Petitioners,

For a Judgment Pursuant to Article 78
of the Civil Practice Law and Rules,

**DECISION AND ORDER**
(Acting Justice Debra J. Young, Presiding)

-against-

Howard Zucker, M.D., as Commissioner of Health
of the State of New York, or his Successor in Office,

Defendant-Respondent.

---

(Supreme Court, Albany County, Special Term)
Index No. 901450-21, RJI No. 01-21-ST1536)


Appearances:

Harter Secrest & Emery LLP
(F. Paul Greene, Esq., of Counsel)
(Christina M. Deats, Esq., of Counsel)
Attorneys for Plaintiffs/Petitioners
1600 Bausch & Lomb Place
Rochester, New York 14604-2711

Leticia James
Attorney General of the State of New York
Attorney for Respondents Betty A. Rosa and New York State Department of Education
(C. Harris Dague, Assistant Attorney General, of Counsel)
The Capitol
Albany, New York 12224

Young, J.:

Petitioner commenced these combined Article 78 proceeding/declaratory judgment actions seeking: a writ of mandamus compelling defendant-respondent to timely process plaintiffs-petitioners' pending Medicaid rate appeals, or in the alternative promulgate regulations sufficient to address this backlog in a manner consistent with relevant state and federal law and regulation; a declaration that defendant-respondent's delay in processing Medicaid rate appeals is violative of applicable federal and state law and regulation, as well as Public Health Law § 2808(17)(a); enjoining defendant-respondent's policy of only processing rate appeals for residential care facilities demonstrating "substantial financial hardship" because it is an unlawful promulgated regulation; otherwise enjoining defendant-respondent's refusal to process plaintiffs-petitioners' Medicaid rate appeals as violative of substantive and procedural due process rights; payment of attorneys' fees pursuant to 42 USC § 198; and award to plaintiffs-petitioners such other relief as the Court deems just and necessary.

Defendant-respondent answered asserting objections in point of law and affirmative defenses that the petition fails to state a cause of action; that under the Appellate Division Fourth Department's Woodside Manor Nursing Home v Shah (113 AD3d 1142 [2014]), plaintiffs-petitioners have no clear legal right to a writ of mandamus and there is no corresponding nondiscretionary duty on the part of the judge to grant mandamus relief under CPLR Article 7803 (1); plaintiffs-petitioners have no private right of action under 42 CFR 447.253 (e) and 42 CFR 447.45; and defendant-respondent's actions are fully consistent with controlling law. Defendant-respondent moves for summary judgment on the declaratory judgment and constitutional claims seeking dismissal of those claims and requests dismissal of the petition and such other and further relief as the Court deems just and proper.

The Parties appeared for oral argument on December 23, 2021.

The Court is not authorized simply to substitute its judgment for that of the agency responsible for making the determination (Flacke v Onondaga Landfill Sys., 69 NY2d 355, 363 [1987]; Awl Industries, Inc. v Triborough Bridge and Tunnel Authority, 41 AD3d 141, 142 [2007]). The scope of judicial review of such administrative determinations is limited to analyzing whether (1) respondent agency took the action without or in excess of its jurisdiction or (2) respondent's determination was (a) made in violation of lawful procedure or of positive statutory or constitutional requirements, (b) affected by an error of law, (c) an abuse of discretion, or (d) arbitrary and capricious in that the agency took action without a sound basis in reason or without regard for the facts. Barring such wrongs, the Court must confirm the determination (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).

"Mandamus is available ... only to enforce a clear legal right where the public official has failed to perform a duty enjoined by law. Thus, mandamus does not lie to enforce the performance of a duty that is discretionary, as opposed to ministerial. A discretionary act involves the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (Matter of NY Civ. Liberties Union v State, 4 NY3d 175, 184 [2005]).

[* 2]

Petitioners have not demonstrated that they have a clear legal right to compel the processing of appeals as the Commissioner is vested with discretion in resolving rate appeals (see Public Health Law § 2808 [17][b]; Matter of Woodside Manor Nursing Home v Shah, 113 AD3d 1142 [2014]). Notably, insofar as the determination of the rate appeals "is in its nature judicial, or involves the exercise of judicial power or discretion, irrespective of the general character of the officer or body to which the writ is addressed", the "writ of mandamus may [be used] to compel them to exercise their functions, but never to require them to decide in a particular manner" (Klostermann v Cuomo, 61 NY2d 525, 540 [1984]). "The time frame is not ministerial but discretionary and mandamus to compel will generally not lie" (Matter of Arnot-Ogden Medical Ctr. v Chassin, 229 AD2d 833, 836 [1996]).

While this Court can compel respondent/defendant to exercise their function it cannot dictate the manner of such exercise. While this Court does not condone undue delay in the processing of rate appeals it is also extremely cognizant of the economic realities facing this state including but not limited to workforce shortages and limitations in view of the world-wide Covid-19 epidemic. What constitutes a reasonable period (see generally Public Health Law § 2808 [17]) must be tempered with the realities of the current economic and health conditions faced in this state. Given the discretion vested in the Department of Health, petitioners' remedy if any lies with the Legislature.

Petitioners'/plaintiffs' request for declaratory judgment is denied in view of the foregoing. Moreover, the filings before this Court demonstrate that respondent/defendant was not processing only or substantially only rate appeals from entities suffering from significant hardship. Nor can this Court find on the papers before it that there has been a violation of due process or procedural due process.

To the extent that the petitioners'/plaintiffs' remaining arguments have not been addressed specifically, they are found to be without merit.

It is hereby,

ORDERED, ADJUDGED and DECLARED that petitioners'/plaintiffs' requests are denied/dismissed in their entirety.

This constitutes the Decision and Order of the Court.

No attorneys' fees, costs or disbursements are awarded to any party.

SO ORDERED.
ENTER.

Dated: Troy, New York
       January 31, 2022

Honorable Debra J. Young
Acting Supreme Court Justice

01/31/2022

[* 3]