Martin B. Stecher, J.
The plaintiff, a statutory tenant, sues his landlord, pursuant to the provisions of section 234 of the Real Property Law, to recover the reasonable value of attorney’s fees necessarily expended in defending an unmeritorious summary proceeding previously brought — and lost — by the landlord.
The last lease between the parties was made in 1959; and although it expired in 1961, many of its provisions carried over into the statutory tenancy (Barrow Realty Corp. v. Village Brew *111 ery Rest., 272 App. Div. 262; Stakser v. Rodriguez, 23 Misc 2d 954). Among them was the obligation imposed on the tenant to pay the landlord’s attorney’s fees incurred “in instituting, prosecuting and/or defending any action or proceeding instituted by reason of any default of Tenant hereunder ”.
In 1966, long after the lease was executed, a new section 234 was added to the Real Property Law. It provided in part that where a lease contained a provision similar to that quoted ‘ ‘ There shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or expenses incurred by the tenant * * * in the successful defense of any * * * summary proceeding commenced by the landlord against the tenant ’ ’.
In 1971, a nonpayment proceeding brought by the landlord against this tenant was ‘ ‘ dismissed with $50 costs ’ ’ to the tenant, presumably on a finding of forcible entry by the landlord (Real Property Actions and Proceedings Law, § 747, subd. 3). The tenant, as plaintiff, now seeks to recover his attorney’s fees expended in the defense of that proceeding. The landlord, here the defendant,, resists, contending that to apply the statute to a lease made before the effective date of the statute is to grant the statute retroactive effect, which, he contends, the court may not do.
Whether the statute is procedural and remedial only, applying retroactively (cf. Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443) or creates a new right of action, applying prospectively (cf. Jacobus v. Colgate, 217 N. Y. 235), the issue of “ retroactive ” or “ prospective ” enforcement is only raised when an effort is made to apply the statute to acts already committed. The act on which the plaintiff relies in the prosecution of this suit is the institution of an unwarranted summary proceeding this year. The statute, now being five years old, it can hardly be said that it is being applied retroactively.
It might also be argued — although it wasn’t — that by incorporating the reciprocal right into the previously made lease, the Legislature and the court are amending the lease ex post facto. Such an argument is no more persuasive than the “ retroactivity ” argument. There can be little doubt that the Legislature, among the many other statutes it has enacted for the protection of tenants’ rights (cf. Real Property Actions and Proceedings Law, art. 7-A; § 755; Social Services Law, § 143-b; Multiple Dwelling Law, §§ 302-a, 309, 78; Emergency Housing Rent Control Law; L. 1946, ch. 274, as amd.) was empowered to enact a statute awarding attorney’s fees to a tenant wrongly made to resist an eviction proceeding. The Legislature might *112 have awarded such fees to all successful tenants; or, as in England, to all successful litigants as a part of costs taxed. The defendant cannot now be heard to complain when the remedy was limited to those tenants whose landlords have a corresponding right.
Judgment may be entered for the plaintiff for the damages which shall be assessed.