■ In the Matter of the Arbitration between ETKIN & COMPANY, INCORPORATED, Respondent, and PLAY IT AGAIN APPAREL, INC., Appellant. [652 NYS2d 285] —Judgment, Supreme Court, New York County (Lorraine Miller, J.), entered December 7, 1995, which, *inter alia*, granted petitioner's application to confirm an arbitration award, and denied respondent's cross motion to dismiss the petition or partially vacate the award, unanimously affirmed, with costs.

Petitioner's failure to allege its corporate status in the confirmation petition in accordance with CPLR 3015 (b) is a minor pleading defect that resulted in no prejudice to respondent, and was thus properly disregarded (*see, Matter of WNYT-TV v Moynihan*, 97 AD2d 555).

Respondent's claims that the arbitrators' interpretation of the pertinent clause of the letter agreement between the parties relating to the payment of a fee to petitioner exceeded their authority, modified the agreement and was irrational are incorrect on the facts and plainly at odds with the language and legislative intent of CPLR article 75 governing arbitration proceedings. Unless otherwise provided in the arbitration

clause, an arbitrator is not bound by principles of substantive law or by rules of evidence; rather, an arbitrator is empowered to do justice as he or she sees it, applying his or her own sense of law and equity to the facts as he or she finds them to be (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308). An arbitrator's interpretation of the parties' contract is not subject to judicial challenge even where the apparent or plain meaning of the words of the contract has been disregarded (*Matter of Five Boro Roofing & Sheet Metal Works [Van-Tulco, Inc.]*, 180 AD2d 558). Here, respondent has presented nothing more than its displeasure with the arbitrators' interpretation of the agreement, and such is insufficient to warrant disturbing the award.

Nor can it be concluded that enforcement of the arbitration award is violative of public policy. To vacate an award on public policy grounds, a court must conclude—after examining the arbitration agreement or award on its face and without engaging in extended factfinding or legal analysis—that public policy precludes enforcement (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631). Here, there is nothing in the arbitration award or the letter agreement containing the arbitration clause from which it can be concluded that public policy precludes enforcement of the award.

We have considered respondent's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Williams and Andrias, JJ.