OPINION OF THE COURT
Michael D. Stallman, J.
If a nonpayment proceeding is dismissed without prejudice to a plenary action for recovery of rent arrears, is the tenant the “prevailing party” entitled to an award of attorneys’ fees? May the landlord disavow the lease’s attorney fee clause because of its small-type size?
Respondent moves for an order awarding him attorneys’ fees and setting the matter down for a hearing on the amount of fees to be awarded.
FACTS
In June 1997, petitioner commenced the underlying nonpayment proceeding seeking rent arrears from August 1995 through May 1997. On December 1, 1997, this court (Shafer, J.), inter alia, granted respondent’s cross motion for summary judgment and dismissed the proceeding without prejudice to petitioner’s right to proceed against respondent in a plenary action. The court found that respondent had properly tendered the rent due for each month claimed in the petition, but that petitioner had unreasonably rejected the tender. Thus, because it was petitioner who chose not to accept the rent, petitioner could not maintain a summary proceeding based on respondent’s failure to pay rent.
Paragraph 7 of the parties’ lease contains a provision entitling petitioner to attorneys’ fees. Respondent’s answer includes a request for attorneys’ fees.
Respondent contends that, based on these facts, he is the prevailing party in the nonpayment proceeding and is entitled to an award of attorneys’ fees. Petitioner argues that respondent should not be considered the prevailing party because dismissal of the underlying nonpayment proceeding was without prejudice to a plenary action, and thus the “war” is not over.
I
A determination of which party is the prevailing party requires an initial consideration of the true scope of the dispute
*536 litigated, followed by analysis of what was achieved within that scope. (See, Excelsior 57th Corp. v Winters, 227 AD2d 146, 147, citing Solow v Wellner, 205 AD2d 339, affd 86 NY2d 582.) Petitioner commenced the underlying nonpayment proceeding even though it was undisputed that respondent tendered the rent claimed due in the petition by checks drawn on an account of which respondent is an owner. Petitioner sought a possessory judgment and a money judgment. At the conclusion of that proceeding, petitioner was not awarded either a possessory judgment or a money judgment; the entire proceeding was dismissed.
Petitioner correctly asserts that the summary proceeding did not finally determine petitioner’s monetary claims. Indeed, that was the undisputed purpose of a dismissal without prejudice to commencement of a new plenary action for money only. However, that does not mean that the summary proceeding was not decided on the merits adversely to petitioner. Rather, Judge Shafer decided that, inter alia, given petitioner’s unreasonable rejection of the rent tender, that petitioner lacked legal basis for the summary proceeding. This is not a technical, procedural defect that permits another summary proceeding to be brought. The “without prejudice” language only pertained to a plenary action for money; to the extent that the same facts cannot be the basis of another proceeding for possession, the dismissal was with prejudice.[1] Thus, respondent here must be considered the prevailing party where the central relief sought, i.e., eviction, was denied. (See, 25 E. 83 Corp. v 83rd St. Assocs., 213 AD2d 269 [1st Dept 1995], citing Nestor v McDowell, 81 NY2d 410, 415-416.) Indeed, all the relief sought was denied because the chosen vehicle did not lie.
Petitioner further contends that Judge Shafer’s denial, “as moot”, of petitioner’s motion to dismiss respondent’s fourth counterclaim (attorneys’ fees) indicates the court’s refusal to award respondent attorneys’ fees. This argument lacks legal or factual basis. Judge Shafer did not decide the issue of entitlement to attorneys’ fees on the merits. Rather, denial of the motion to dismiss the counterclaim left the counterclaim viable.
*537 II
Petitioner opposes respondent’s request for attorneys’ fees, asserting that the subject lease is invalid due to its type size, smaller than that mandated by CPLR 4544. CPLR 4544 provides that consumer transaction contracts and residential leases with type smaller than eight point in height are not enforceable by the drafter of the agreement.
Real Property Law § 234 was designed to give prevailing tenants a right to recover attorneys’ fees where a landlord has a contractual right to such fees. (See, e.g., Haberman v Wassberg, 131 AD2d 331 [1st Dept 1987].) Thus, while the landlord’s right to attorneys’ fees must arise from the language of the lease, the tenant’s right to such fees is statutory. (See, Greco v GSL Enters., 137 Misc 2d 714.)
The 1968 lease agreement between the parties was neither renewed nor replaced by another lease. Rather, it was projected into the statutory rent-controlled tenancy by operation of law. (See, Matter of Duett v Condon, 84 NY2d 773, 780.) The attorneys’ fee provision thus continued into the statutory tenancy and remains applicable.
The subject lease was signed on April 29, 1968, long before enactment of CPLR 4544 and over eight years before its effective date. (L 1975, ch 370, § 1, eff July 1, 1976.) CPLR 4544 is thus inapplicable to the instant lease. (See, CPLR 4544 [statute inapplicable to agreements or contracts “entered into” prior to effective date].)
3300 Co. v Pandler (NYLJ, Jan. 4, 1995, at 26, col 5 [Civ Ct, Bronx County] [jury waiver clause]) and Street v Davis (143 Misc 2d 983 [jury waiver clause]), on which petitioner relies, are not applicable. The original leases in those cases were executed prior to 1975 but subsequently renewed after the effective date of CPLR 4544. In contrast, in the instant case, there have been no subsequent renewal leases executed after the effective date of CPLR 4544.
Moreover, to accept petitioner’s contention would undermine the clear purpose of both CPLR 4544 and Real Property Law § 234. Both statutes are remedial, intended to level a playing field skewed by a tight housing market, where owners usually choose favorable form leases whose wording ordinarily is not negotiated. CPLR 4544 sought to protect tenants from small print provisions that invariably benefit the drafter. Real Property Law § 234 sought to rectify the typically one-sided wording of attorney fee entitlement clauses in residential leases.
*538 CPLR 4544 is a statutory rule of evidence, deliberately included in article 45, the CPLR’s evidence article. It does not declare small-type consumer contracts or residential leases absolutely void or unenforceable. Rather, it provides that such a document “may not be received in evidence in any trial, hearing or proceeding on behalf of the party who printed or prepared such contract or agreement, or who caused said agreement or contract to be printed or prepared.” (CPLR 4544 [emphasis added].) Thus, the statute empowers the nondrafting party to object if the drafter offers the small-type document in evidence or otherwise relies on it in a proceeding (e.g., on a motion).
The drafter, however, is not so empowered to object. Like the familiar rule that construes ambiguity against the preparer, the statute recognizes that the drafter is responsible for the form of a document as well as its content. Neither law nor public policy permits a drafter to disavow his or her own work product during litigation or to choose unilaterally when it should no longer have legal effect. In short, the drafter lacks capacity to object to the document under CPLR 4544.
The reciprocal effect of Real Property Law § 234 is triggered by the presence in the lease of a provision entitling the landlord to attorneys’ fees. The statute then “impliefs] in such a lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or expenses” caused by the landlord’s breach of the lease or the tenant’s “successful defense” of a landlord-initiated proceeding. (Real Property Law § 234.) Although Real Property Law § 234 effects reciprocity, it does not simply apply to the tenant the same attorney fee provision that the landlord included in the lease. Rather, it accords the tenant an independent statutory right. Even if the attorney fee entitlement clause is void or unenforceable, a successful tenant is still entitled to attorneys’ fees. Even if CPLR 4544 were applicable here and rendered the clause ineffectual for the landlord, the tenant would retain his statutory right to attorneys’ fees.
Neither does the tenant’s entitlement to attorneys’ fees under Real Property Law § 234 depend on the landlord’s inclusion of a request for attorneys’ fees in the petition.[2] (815 Park Owners v West LB Admin., 119 Misc 2d 671, 677.) The statute makes the existence of the lease clause the only condition precedent to the tenant’s reciprocal right. Whether the landlord relied on *539 the lease clause or whether the landlord can enforce it against the tenant are equally immaterial. To hold otherwise would encourage owners to bring summary proceedings on flimsy grounds, if by deliberately forbearing from demanding their attorneys’ fees they could avoid liability for tenants’ legal fees.
CONCLUSION
Because the lease contains an attorneys’ fee entitlement provision and because the respondent is the prevailing party, the respondent is entitled to an award of attorneys’ fees. Respondent’s motion is accordingly granted.

. Petitioner has apparently not appealed from Judge Shafer’s order. It has not commenced a plenary action. Neither has petitioner requested replacement of stale checks. It is undisputed that since August 1997, petitioner has been receiving and depositing rent checks issued in the very manner objected to in the underlying nonpayment proceeding.

. The petition and notice of petition did not seek attorneys’ fees. Apparently because of the rent-controlled status of the tenancy, petitioner was not initially aware of the written 1968 lease.