■ 640 BROADWAY RENAISSANCE Co., Appellant, v ROBERT ROSSITER et al., Respondents. [684 NYS2d 248] —In an action, *inter alia*, to impose a constructive trust on allegedly converted rents, the plaintiff appeals from an order of the Supreme Court, Kings County (Barasch, J.), entered December 30, 1997, which, among other things, (1) granted those branches of the motion of the defendants Robert Rossiter and Lesley Rossiter which were for legal fees and to compel the plaintiff to pay $1,000 costs as previously directed by an order of the same court entered May 20, 1997, and (2) denied its cross motion, *inter alia*, to consolidate the defendants' 13th counterclaim with an action pending in New York County.

Ordered that the order is affirmed, with costs.

Where, as here, the New York City Loft Board has converted the tenants' lease into a carry-over statutory leasehold, all of the original lease terms remain in effect. "It is well settled law that lease provisions permitting recovery of attorneys' fees, such as those at issue here, are among those provisions that carry over into a statutory tenancy" (*Feierstein v Moser*, 124 Misc 2d 369, 371; *Deary v Keith*, 68 Misc 2d 110; *see also, Barrow Realty Corp. v Village Brewery Rest.*, 272 App Div 262). If the lease provisions carry over into a statutory tenancy, the reciprocity provision of Real Property Law § 234 travels with them.

Real Property Law § 234 provides that a tenant may recover attorney's fees if he prevails in "*any* action * * * commenced by the landlord against the tenant arising out of the lease"

(emphasis supplied). This is an action "commenced by the landlord against the tenant[s] arising out of the lease", and the tenants were awarded, among other things, summary judgment dismissing the complaint on the merits in an order of the same court dated May 20, 1997. The tenants are therefore entitled to attorney's fees in this action (see, e.g., Nestor v Mc-Dowell, 81 NY2d 410; 25 E. 83 Corp. v 83rd St. Assocs., 213 AD2d 269; Jocar Realty Co. v Galas, 176 Misc 2d 534).

The plaintiff's remaining contentions are without merit. Copertino, J. P., Joy, Krausman and Goldstein, JJ., concur.