John T. MICKLE, Plaintiff,

v.

CHRISTIE'S, INC., Defendant.

Christie's, Inc., Counterclaim Plaintiff,

v.

John T. Mickle and Diana J. Mickle,
Counterclaim Defendants.

Diana J. Mickle, Third–Party
Defendant and Third–Party
Counterclaim Plaintiff,

v.

Christie's, Inc., Third–Party Plaintiff
and Counterclaim Defendant.

No. 01 Civ. 3979 (VM).

United States District Court,
S.D. New York.

Aug. 13, 2002.

Mark J. Lawless, Sokolow, Dunaud, Mercadier & Carreras, LLP, New York City, for plaintiff.

Michael E. Salzman, Hughes, Hubbard & Reed, LLP, New York City, for defendant.

### DECISION AND ORDER

MARRERO, District Judge.

By Decision and Order dated June 26, 2002 (the "Decision") this Court granted the motion by defendant and third-party plaintiff Christie's, Inc. ("Christie's") for summary judgment dismissing the complaint of plaintiffs and counterclaim defendants John T. Mickle and Diana J. Mickle (the "Mickles").[1] The Mickles now move

---

1. The Court's ruling is reported as *Mickle v. Christie's, Inc.*, 207 F.Supp.2d 237 (S.D.N.Y. 2002).

for reargument, asserting that: (1) the consignment agreement between the parties with respect to the work of art at issue (the "Painting") was printed as a form contract whose small print did not comply with the typeface provisions of New York Civil Practice Law and Rules ("CPLR") § 4555[2], a requirement the Mickles contend embodies substantive law this Court must apply under the doctrine of *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and that consequently the agreement should be held to be inadmissible evidence for the purposes of this action; and (2) the consignment agreement reflected a "consumer transaction" and was thus required to comply with the typeface standards of CPLR § 4544. Having considered the parties' respective submissions in connection with the Mickles' request for reargument, the Court denies the motion.

Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Secs. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000). Under Local Rule 6.3, which governs motions for reconsideration, the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. *See*

*Lichtenberg v. Besicorp Group Inc.,* 28 Fed.Appx. 73, 74, 2002 WL 109483, *1 (2d Cir. Jan.25, 2002); *SEC v. Ashbury Capital Partners, L.P.,* No. 00 Civ. 7898, 2001 WL 604044, *1 (S.D.N.Y. May 31, 2001) (citing *AT & T Corp. v. Comty. Network Servs., Inc.,* No. 00 Civ. 316, 2000 WL 1174992, at *1 (S.D.N.Y. Aug.18, 2000) and Local Rule 6.3). Local Rule 6.3 is intended to "ensure the finality of decisions and to prevent the practice of a losing party [from] examining a decision and then plugging the gaps of a lost motion with additional matters." *See id.* (citing *Carolco Pictures, Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A Court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used· as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 150 (S.D.N.Y.1999); *In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (noting that a motion for reconsideration is not an opportunity for the moving party "to argue those issues already considered when a party does not like the way the original motion was resolved.").

Here, the Court did not overlook the issue the Mickles rely upon as grounds for reargument, a point they raised in a footnote of their original memorandum in opposition to Christie's summary judgment motion. In summarizing the Mickles' various contentions, the Court specifically not-

---

**2.** CPLR § 4544 provides in pertinent part:

The portion of any printed contract or agreement involving a consumer transaction or a lease for space to be occupied for residential purposes where the print is not clear and legible or is less than eight points in depth or five and one-half points in depth for upper case type may not be *received in evidence* in any trial, hearing or proceeding on behalf of the party who printed or pre-

pared such contract or agreement, or who caused said agreement or contract to be printed or prepared. As used in the immediately preceding sentence, the term "consumer transaction" means a transaction wherein the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes.

N.Y. Civ. Prac. L. & Rules § 4544(emphasis added).

ed and rejected their argument "assert[ing] procedural unfairness in the . . . small print in which the standard form auction contract containing the termination clause was written." *Mickle,* 207 F.Supp.2d at 253.

■ To elaborate its reasoning, first, the Court considers CPLR § 4544, as the statute itself specifies, to be a rule of evidence detailing type face standards that the form of certain printed contracts must adhere to in order to be received in evidence at any trial, hearing or proceeding. As a procedural rule of evidence rather than a substantive requirement, CPLR § 4544 is not applicable as binding law in a federal court sitting in diversity. *See* Fed. R.Evid. 101; *Erie,* 304 U.S. at 64, 58 S.Ct. 817; *see also Lerner v. Karageorgis,* 66 N.Y.2d 479, 497 N.Y.S.2d 894, 488 N.E.2d 824, 826 (1985) (noting that a state court may not limit substantive rights by applying its own outcome-determinative procedural rules, the court stated that "CPLR 4544 . . . is a rule of evidence" which may not be employed to nullify a contractual right enforceable under federal law); *Jocar Realty Co. v. Galas,* 176 Misc.2d 534, 673 N.Y.S.2d 836, 839 (N.Y.Civ.Ct.1998) (noting that "CPLR 4544 is a statutory rule of evidence. . . . It does not declare small-type consumer contracts or residential leases absolutely void or unenforceable.").

■ Second, the Court determined that CPLR § 4544 did not apply also because the consignment agreement at issue here does not qualify as a "consumer transaction." This term is defined in the statute as "a transaction wherein the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes." CPLR § 4544. The Court does not consider a unique, one-of-a-kind painting as a typical consumer good, nor an agreement governing the con-

signment for auction sale of such a work of art a consumer transaction within the meaning of CPLR § 4544. *See Christie's Inc. v. Croce,* 5 F.Supp.2d 206, 207–08 (S.D.N.Y.1998) (holding that a transaction for an auction house's services and an advance of funds against the proceeds of sale of certain paintings did not constitute a consumer transaction "primarily for personal, family or household purposes" within the meaning of N.Y. Gen. Oblig. Law § 5–327(1)(a)).

In addition, the Court noted in its Decision, also reflecting its earlier response to the same issue raised in the instant motion, that the Mickles are hardly the uninformed novices they purport to be. *See Mickle,* 207 F.Supp.2d at 254. Rather, by their own admissions, during the twenty years they owned the Painting they placed it in numerous private and recognized public exhibitions and repeatedly endeavored to sell it for the highest price both privately and at public auctions. In the course of these dealings, they sought to authenticate the attribution of the Painting and were represented by agents and attorneys and apparently had regular occasions to transact business with art dealers, experts, galleries and other auctioneers. *See id.* This course of conduct with regard to the Painting, sustained over a substantial period of time, appears inconsistent with the statutory requirement that the property that is the subject of the consumer transaction be "primarily for personal, family or household purposes," CPLR § 4544, and is more indicative of goods held and regarded "with an 'eye toward profit'." *Croce,* 5 F.Supp.2d at 208 (quoting *In re Booth,* 858 F.2d 1051, 1054–55 (5th Cir.1988)).

The Mickles have failed to demonstrate controlling law or factual matters which the Court may have overlooked and that might reasonably be expected to alter the Court's decision. Accordingly, their mo-

tion for reargument fails for the reasons already discussed in the Court's Decision and further amplified here. *See Mickle*, 207 F. Supp 2d at 237.

### ORDER

For the reasons discussed above, it is hereby,

**ORDERED** that plaintiffs' motion for reargument is DENIED without costs.

**SO ORDERED.**