Round Dune, Inc. v Filkowski (2021 NY Slip Op 04771)





Round Dune, Inc. v Filkowski


2021 NY Slip Op 04771


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
PAUL WOOTEN, JJ.


2018-01069
 (Index No. 34490/12)

[*1]Round Dune, Inc., respondent-appellant, 
v
Edward Filkowski, etc., defendant, James S. Knee, etc., et al., appellants-respondents.


Schlam Stone & Dolan LLP, New York, NY (Thomas A. Kissane, Elizabeth Wolstein, and Seth D. Allen of counsel), for appellants-respondents.
Cohen, Warren, Meyer & Gitter, P.C., Smithtown, NY (Evan Gitter and Lisa Albert of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, for a judgment directing the defendants to comply with the requirements of a proprietary lease, the defendants James S. Knee and Irina Mernik-Kraus appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), entered November 21, 2017. The order, insofar as appealed from, denied that branch of the cross motion of the defendants James S. Knee and Irina Mernik-Kraus which was for an award of attorney's fees pursuant to Real Property Law § 234. The order, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the cause of action for an award of attorney's fees pursuant to the proprietary lease.
ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the cross motion of the defendants James S. Knee and Irina Mernik-Kraus which was for an award of attorney's fees pursuant to Real Property Law § 234 is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the amount of attorney's fees to which the defendants James S. Knee and Irina Mernik-Kraus are entitled; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants James S. Knee and Irina Mernik-Kraus.
The plaintiff, a cooperative apartment corporation, commenced this action against, among others, the defendants James S. Knee and Irina Mernik-Kraus (hereinafter together the defendants), in their capacity as trustees of a trust, asserting that they were required to seek the approval of the plaintiff's board of directors for the transfer of the shares and proprietary leases of two of the cooperative apartments to Mernik-Kraus. The complaint also asserted a cause of action seeking an award of attorney's fees pursuant to a provision of the proprietary lease. In defense of the action, the defendants contended that the approval of the plaintiff's board of directors was not required for the transfer of the shares and proprietary leases. The plaintiff moved, inter alia, for summary judgment on the complaint, and the defendants cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. Although the defendants had not asserted a counterclaim for an award of attorney's fees from the plaintiff, they argued in their cross motion that they were entitled to an award of such fees pursuant to Real Property Law § 234. In opposition to the cross motion, the plaintiff contested the defendants' [*2]entitlement to attorney's fees. The Supreme Court denied the plaintiff's motion for summary judgment, and granted, in part, the defendant's cross motion for summary judgment. The court expressly rejected the plaintiff's contention that approval of its board of directors was necessary to effectuate the transfer of the shares and proprietary leases to the apartments at issue. The court denied those branches of the parties' respective motions which sought an award of attorney's fees. The only issue on the appeal and the cross appeal is the propriety of the court's denial of the parties' requests for attorney's fees.
As the prevailing parties to the action commenced against them by the plaintiff pursuant to the proprietary lease, which contained a provision entitling the plaintiff, as lessor, to attorney's fees incurred in instituting an action against a lessee based on the lessee's default, the defendants were entitled to attorney's fees pursuant to Real Property Law § 234, which "provides for the reciprocal right of a lessee to recover an attorney's fee when the same benefit is bestowed upon the lessor in the parties' lease" (Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc., 108 AD3d 697, 700; 640 Broadway Renaissance Co. v Rossiter, 256 AD2d 568, 569).
The defendants were entitled to an award of attorney's fees pursuant to Real Property Law § 234, despite their failure to plead that cause of action as a counterclaim in their answer, since the evidence supported the claim and the plaintiff was not misled or prejudiced by their failure to plead the cause of action (see Town of Putnam Val. v Sacramone, 16 AD3d 669, 669-670; Deborah Intl. Beauty v Quality King Distribs., 175 AD2d 791, 793).
We reject the plaintiff's contention that an award of attorney's fees to the defendants would be manifestly unfair, or should be denied because they engaged in bad faith (see Matter of 251 CPW Hous. LLC v Pastreich, 124 AD3d 401, 404).
Contrary to the plaintiff's contention, the proprietary lease did not entitle it to attorney's fees for litigation in which it was unsuccessful, as it was in this case.
LASALLE, P.J., CHAMBERS, AUSTIN and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court