| |
|---|
| **Tu Casa En Quisqueya, Inc. v Nieves** |
| 2024 NY Slip Op 33675(U) |
| October 7, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 537685/22 |
| Judge: Kerry J. Ward |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 9, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 7th day of October, 2024.

P R E S E N T:

HON. KERRY J. WARD,
                        Justice.
----------------------------------------------------------------X

TU CASA EN QUISQUEYA, INC.,

                                        Plaintiff,

                -against-                                      Index No.: 537685/22


VANESSA COLON NIEVES and LUIS
ANGEL RIVERA,

                                        Defendants.
----------------------------------------------------------------X

The following e-filed papers read herein:             NYSEF Doc Nos.:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____ 14-15
Opposing Affidavits (Affirmations)_____ 21-23
Affidavits/ Affirmations in Reply _____ 24-25


Upon the foregoing papers in this action for unpaid rent and attorney's fees, plaintiff

Tu Casa En Quisqueya, Inc. moves (in motion [mot.] sequence [seq.] one), pursuant to

CPLR 3212, for summary judgment in its favor.

**Facts and Procedural History**

Plaintiff leased the ground floor unit at 250 Knickerbocker Avenue in Brooklyn, a

commercial property, to defendants Vanessa Colon Nieves and Luis Angel Rivera

[* 1]

(NYSCEF Doc No. 18 at 2). The lease stated that defendants would pay $2,200 per month from September 2019 to August 2020, $2,288 per month from September 2020 to August 2021, and $2,380 per month from September 2021 to August 2022 (NYSCEF Doc No. 18 at ¶ 2.2). Defendants tendered a $4,400 security deposit at the lease's inception (NYSCEF Doc No. 18 at ¶ 2.4).

Defendants stopped paying rent in February 2020 (NYSCEF Doc No. 15 at ¶ 13). Plaintiff sought an order of eviction and, on May 24, 2022, Kings County Housing Court (Nicholas W. Moyne, J.) granted plaintiff such relief (NYSCEF Doc No. 19 at 2). After the order of eviction and through the lease's termination, defendants continually failed to pay rent (NYSCEF Doc No. 15 at ¶ 13). The missed rent payments totaled $71,416 (NYSCEF Doc No. 15 at ¶ 13).

## Discussion

### Standard of Review

On a motion for summary judgment, the court looks at the evidence in the light most favorable to the nonmoving party (see *Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). The initial burden lies with the moving party to show that there is no dispute of material fact and that he or she is entitled to judgment as a matter of law (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Failure to meet this burden ends the court's analysis, i.e., the moving party is not entitled to summary judgment (see *Vega*, 18 NY3d 4 at 503). Thus if, and only if, the moving party meets its burden does the burden shift to the nonmoving party to show a dispute of material fact (see *id.*). "Summary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it should only be

[* 2]

employed when there is no doubt as to the absence of triable issues" (*Doize v Holiday Inn Ronkonkoma*, 6 AD3d 573, 574 [2d Dept 2004] [internal quotation marks omitted]).

### *Unpaid Rent*

Plaintiff is entitled to summary judgment on its first cause of action for unpaid rent. In meeting its burden, plaintiff submitted the lease agreement detailing defendants' financial obligations (NYSCEF Doc No. 18 at ¶ 2.2), an affidavit from plaintiff's president, Ernesto Armenteros, stating that defendants were delinquent on their rent from February 2020 to August 2022 (NYSCEF Doc No. 15 at ¶¶ 12-13), and the prior court's order of eviction (NYSEF Doc No. 19 at 2). These documents show that defendants owed $71,416 in unpaid rent; and, after subtracting the $4,400 security deposit, the balance owed was $67,016.

Plaintiff having met its burden, that burden now shifts to defendants to show "a dispute of material fact" (*Vega*, 18 NY3d 4 at 503). Defendants' argument does not address the aforementioned facts and their legal-based contentions are not persuasive, thus, defendants have failed to meet their burden.

Initially, defendants' argument, that the court should deny plaintiff's motion because it failed to contain proof of its corporate status, misapprehends the law. Pleading requirements state that "[w]here any party is a corporation, the *complaint* shall so state" (CPLR 3015 [b]). Defendants point to no authority that says a corporation must assert its corporate status when moving for summary judgment. In any event, the complaint complies with CPLR 3015 (b), stating that plaintiff "was and still is a New York corporation, formed under and by virtue of the laws of the State of New York, authorized

3

[* 3]

to do business in New York State" (NYSCEF Doc No. 2 at ¶ 3). Even if this statement was somehow deficient or plaintiff was required to plead its corporate status in its summary judgment motion, the court has the authority to overlook a mistake that does not prejudice a party. Defendants make no claim of prejudice and the court fails to find any as well (*see* CPLR 2001; *see e.g. Etkin & Co. v Play It Again Apparel*, 235 AD2d 264, 264 [1st Dept 1997] ["[p]etitioner's failure to allege its corporate status in the confirmation petition in accordance with CPLR 3015 (b) is a minor pleading defect that resulted in no prejudice to respondent, and was thus properly disregarded"]).

Secondly, defendants' assertion that plaintiff did not meet its burden because it failed to include a rent ledger is unavailing. In response, plaintiff submitted a copy of the rent ledger in its reply (NYSCEF Doc No. 26), and it mirrored what Armenteros stated in his affidavit, i.e., it showed that back rent of $67,016 was outstanding.[1]

Assuming for the sake of argument that the court did not consider the rent ledger, the end result would not change. Again, defendants offer no authority, nor was the court able to identify any, that states a rent ledger is an indispensable document in an unpaid rent cause of action. If anything, Second Department authority implies that a rent ledger is not necessary; instead an affidavit and the lease suffices (*see e.g. Rechler Equity B-1, LLC v*

---

[1] Generally speaking, the purpose of a reply is to address the opposition arguments, not present new evidence. "[H]owever, [this rule] is not inflexible, and a court, in the exercise of its discretion, may consider a claim or evidence offered for the first time in reply where the offering party's adversaries responded to the newly presented claim or evidence" (*Matter of Dusch v Erie County Med. Ctr.*, 184 AD3d 1168, 1170 [4th Dept 2020]). The court considers the rent ledger that plaintiff submitted because plaintiff submitted in direct response to defendants' argument and mirrored the Armenteros affidavit.

[* 4]

*AKR Corp.*, 98 AD3d 496, 497-498 [2d Dept 2012]). The case that defendants cite, *46th St. Leaseholder LLC v Hercules Corp.* (208 AD3d 1083 [1st Dept 2022]), is distinguishable from the instant matter. There, the First Department held that the plaintiff was not entitled to summary judgment on its unpaid rent claim, writing: "As for the . . . claim for unpaid rent, although plaintiff's property manager stated that defendant had accumulated rental arrears of $26,562.50 under the lease, plaintiff failed to submit a rent demand or arrears ledger in support, warranting denial of summary judgment on this claim" (*id.* at 1085). A review of the property manager's affidavit in that case shows that she stated in a conclusory fashion that the defendant owed $26,562.50 (NYSCEF Doc No. 67 at ¶ 30).[2] At no point did the property manager explain how she arrived at that figure. Accordingly, the court interprets *46th St. Leaseholder LLC* to say that there must be some sort of documentation supporting a claim for unpaid rent, such as a rent demand or arrears ledger, not that these documents are requirements.

In contrast to *46th St. Leaseholder LLC*, plaintiff's submissions detailed how it arrived at $67,016. The lease lays out what the rent was (NYSCEF Doc No. 18 at ¶ 2.2), Armenteros's affidavit explained the calculation (NYSCEF Doc No. at ¶¶ 12-13), and Justice Moyne's order, plainly, evicted defendants based on nonpayment (NYSCEF Doc No. 12 at 1). These corroborating documents are enough for plaintiff to meet its burden.

Thirdly, defendants contend that "summary judgment is not warranted as the lease contains a force majeure clause" (NYSCEF Doc No. 22 at 2). Defendants do not elaborate

---

[2] The same analysis for the court considering the rent ledger (NYSCEF Doc No. 26) applies here (*see supra* at n 1).

5

on this argument, except to cite *850 Third Ave. Owner, LLC v Discovery Communications, LLC*, for the proposition that a force majeure clause prevented the court from granting the landlord-plaintiff summary judgment as the COVID-19 pandemic and a labor shortage prevented the tenant-defendant removing its property from the premises (205 AD3d 498, 498 [1st Dept 2022]). Based on this brief statement from defendants and the affidavit from William Rivera, the person who "actually ran the business . . . [at] 250 Knickerbocker" (NYSCEF Doc No. at ¶ 3), the court infers that defendants are trying to say that the COVID-19 pandemic was an event beyond their control, and, thus, the force majeure clause relieves them of their financial obligations.

The force majeure clause here states:

"In the event Landlord or Tenants is prevented, delayed, or stopped from performing any act, undertaking, or obligation under this Lease by reason of an 'event of force majeure,' including, without limitation, excessive adverse weather, strikes, lockouts, labor disputes, inability to procure materials or permits, restrictive governmental laws or regulations, long term failure of power, acts of public enemies of this state or the United States of America, riots, insurrection, war, civil commotion, inability to obtain labor or materials, and/or any other cause (except financial) beyond the reasonable control of the party whose performance is so prevented, delayed, or stopped, then the time for that party's performance shall be extended one (1) day for each day's prevention, delay, or stoppage by reason of such event of force majeure" (NYSCEF Doc No. 18 at ¶ 18.9).

The COVID-19 pandemic was certainly an event beyond the control of defendants. However, and as defendants correctly observe, the force majeure clause merely "extends" the time a party has to perform; the force majeure clause does not absolve a party of its responsibilities under the lease. Thus, defendants would be responsible for the rent, just at a later date. Although academic, given that the force majeure clause did not release

6

[* 6]

defendants or their responsibilities, there is doubt whether the COVID-19 pandemic was "the event [that] prevented, delayed, or stopped" (NYSCEF Doc No. 18 at ¶ 18.9) defendants from paying rent. Defendants' delinquency started in February 2020, a month before then-Governor Cuomo declared a state of emergency because of the COVID-19 pandemic (*see* Executive Order [Cuomo] No. 202 [9 NYCRR 8.202]), and continued until August 2022, more than a year after then-Governor Cuomo lifted restrictions associated with the COVID-19 pandemic (*see* Executive Order [Cuomo] No. 210 [9 NYCRR 8.210]; *see generally Experience NY Now Inc. v 126 W. 34th St. Assoc. L.L.C.*, 224 AD3d 441, 442 [1st Dept 2024] ["the force majeure provision does not excuse plaintiff's nonpayment of rent for the period after nonessential businesses were permitted to reopen on or about June 8, 2020, nor does it permit plaintiff's unilateral early termination of the lease"]).

*Attorney's Fees*

"In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation" (*People's United Bank v Patio Gardens III, LLC*, 143 AD3d 689, 691 [2d Dept 2016] [internal quotation marks omitted]). While plaintiff seeks attorney's fees, and the lease specifically entitles plaintiff to attorney's fees (NYSCEF Doc No. 18 at ¶ 18.8) as it is the prevailing party (*see e.g. Round Dune, Inc. v Filkowski*, 197 AD3d 748, 749 [2d Dept 2021]), plaintiff has not demonstrated the amount owed. Plaintiff merely states, in conclusory fashion, that the lease entitles it attorney's fees but provides no evidence substantiating the claim (NYSCEF Doc No. at ¶ 15) (*see e.g.*

7

[* 7]

*Citicorp Trust Bank, FSB v Vidaurre,* 155 AD3d 934, 935 [2d Dept 2017]). Consequently, the court orders a special referee hold a framed-issue hearing to determine the reasonable attorney's fees, costs and expenses plaintiff incurred (*see e.g. Galasso, Langione & Botter, LLP v Galasso,* 89 AD3d 897, 898 [2d Dept 2011]).

All other issues not specifically addressed herein have been considered by the court and found to be without merit.

Accordingly, it is hereby

**ORDERED,** that branch of plaintiff, TU CASA EN QUISQUEYA, INC.'S motion (mot. seq. one) for summary judgment as to unpaid rent is granted and plaintiff is entitled to $67,016 in unpaid rent from defendants; and it is further

**ORDERED,** that that branch of plaintiff, TU CASA EN QUISQUEYA, INC.'S motion (mot. seq. one) for summary judgment as to attorneys' fees, costs and expenses that the plaintiff incurred in bringing this action is granted, and the parties shall appear for a framed-issue hearing regarding the amount owed to the plaintiff as the prevailing party.

This constitutes the decision and order of the Court.

ENTER

KW
_____
Hon. Kerry J. Ward, A.J.S.C.

8

[* 8]